# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ROBERT H. LEOPARD, JR., } | |
| } | |
| **Debtor,** } | |
| } | |
| USAMERIBANK, d/b/a ALIANT } | |
| BANK, } | |
| } | |
| **Appellant,** } | |
| } | |
| v. } | Case No.: 2:13-CV-02251-RDP |
| } | |
| ROBERT H. LEOPARD, JR., } | |
| WANDA LEOPARD } | |
| } | |
| **Appellees.** } | |

## MEMORANDUM OPINION

This matters is before the court on the appeal filed by Debtors Robert H. Leopard, Jr. and Wanda Leopard from the Order entered by the United States Bankruptcy Court for the Northern District of Alabama on October 30, 2013, certifying the Court's Memorandum Opinion and Order dated March 21, 2013, as final pursuant to Federal Rule of Civil Procedure 54(b). Also before the court is Wanda Leopard's Motion to Strike. (Doc. # 7).

**I.    Background**

The basis for the adversary proceeding, in which Aliant Bank asserted fraudulent transfer and conspiracy claims against Debtor Robert Leopard ("Robert") and his former wife Wanda Leopard ("Wanda"), is a now-defaulted loan ("Arrowwood Loan") in the amount of $2,200,000.00 made on June 18, 2008, by Aliant to Arrowwood Properties, LLC, a business owned by Robert. The Arrowwood Loan was guaranteed by Robert, but not by his then-wife Wanda.

The original maturity date of the Arrowwood Loan was June 18, 2010, but upon Robert's request, Aliant agreed to extend the maturity date until September 18, 2010, with accrued interest to be paid on August 18, 2010. On June 6, 2010, in connection with the requested extension, Robert provided Aliant with a joint (Robert and Wanda) personal financial statement that was dated December 31, 2009. Robert executed an Amended Promissory Note on behalf of Arrowwood Properties, LLC on July 19, 2010, and according to Aliant, reaffirmed his guaranty.

Aliant alleges that, at the time it extended the Arrowwood Loan maturity date, it did not know that Wanda had filed for divorce on April 28, 2010. Wanda and Robert had entered into a property settlement agreement dated April 26, 2010, providing, among other things, that Robert would transfer all of his stock in Leopard Properties, LLC, and all of his interest in the parties' residence, to Wanda. A judgment of divorce incorporating the parties' property settlement agreement was entered on June 29, 2010.

On June 28, 2011, Aliant filed an action against Robert and Wanda in the Circuit Court of Jefferson County, Alabama, Bessemer Division, alleging, among other claims, a fraudulent transfer claim. (Case No. CV-2011-900367.00, Circuit Court of Jefferson County, Alabama, Bessemer Division).

On January 9, 2012, Robert filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On March 6, 2012, the state court action that had been filed by Aliant against both Robert and Wanda was removed to this court. On April 6, 2012, Aliant filed an adversary proceeding against Robert and Wanda in the bankruptcy court. The former state court action and the adversary proceeding were consolidated on October 16, 2012.

In the Order from which Aliant now appeals, the bankruptcy court determined that Aliant did not have standing to pursue its fraudulent transfer claims against Wanda and Robert. Therefore, it granted summary judgment in their favor on that claim. The bankruptcy court also found that Wanda essentially had no involvement in securing the Arrowwood Loan. Therefore, it granted summary judgment in her favor on the fraudulent misrepresentation and suppression and conspiracy claims. Because it had granted summary judgment to Wanda, the only alleged conspirator, on the fraudulent misrepresentation and suppression claims, the bankruptcy court also granted summary judgment to both Wanda and Robert on Aliant's conspiracy claim. (AL NB Case No. 12-00054-TOM, Docs. # 118 and 154).

## II.    Standard of Review

A district court assumes the role of an appellate court when reviewing the decision of a bankruptcy court. *See* 28 U.S.C. § 158(a). Upon entry of a final order by the bankruptcy court, a party may appeal to the district court pursuant to 28 U.S.C. § 158(a). The court reviews the bankruptcy court's grant of summary judgment de novo, "applying the same summary judgment legal standard applicable in the Bankruptcy Court and viewing all evidence and reasonable inferences in favor of the non-moving party." *In re Weeks Landing, LLC*, 439 B.R. 897, 911 (Bankr. M.D. Fla. 2010); *see also In re Kalter*, 292 F.3d 1350, 1352 (11th Cir. 2002) (a bankruptcy court's conclusions of law are reviewed under a *de novo* standard of review); *Useden v. Acker*, 947 F.2d 1563, 1572 (11th Cir. 1991) (noting that a grant of summary judgment is subject to de novo review).

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

3

judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial. *See id.* at 324.

The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* 249.

**III.   Analysis**

    **A.   Standing to Assert the Fraudulent Transfer Claim**

The bankruptcy court determined that Aliant did not have standing to pursue its fraudulent transfer action against Robert and Wanda. Therefore, it granted summary judgment to both Robert and Wanda on the claim.

"Whether a party has standing to assert the jurisdiction of a federal court is a question of federal law, and 'standing is to be determined as of the commencement of suit.'" *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (11th Cir. 2003) (quoting *Lujan v. Defenders of Wildlife*,

504 U.S. 555, 570 n. 5 (1992). Although the adversary proceeding in the bankruptcy court asserting the fraudulent transfer claim was initiated on April 6, 2012, shortly after Robert filed his bankruptcy petition and well before any discharge, Aliant initially filed that claim in state court in 2011. The state court case was removed to the bankruptcy court in March 2012 and consolidated with the adversary proceeding in October 2012.

At the hearing on Robert and Wanda's Motions for Summary Judgment, counsel for Aliant represented that there had been discussions with the Chapter 7 Trustee and/or the Trustee's counsel regarding the Trustee's intent to pursue a fraudulent conveyance action, but that the Trustee never informed Aliant of his decision. The bankruptcy court determined, therefore, that there was no evidence before the court showing that Aliant had made a formal demand on the Trustee to pursue a fraudulent conveyance action, nor any evidence that the Trustee refused to do so. Therefore, summary judgment was granted on the claim based upon Aliant's lack of standing to pursue the action.

The principles of standing to assert fraudulent conveyance claims relative to bankruptcy proceedings were summarized by the United States Bankruptcy Appellate Panel of the Ninth Circuit in *In re Milton Lee Vandevort*, 2009 WL 7809927 (9th Cir. BAP 2009):

> "Under Code § 544(b), the filing of a bankruptcy petition does not strip creditors of state-created rights to avoid transfers, it merely shifts that right to the creditors' representative." 4 *Norton Bankruptcy Law & Practice* § 30.06, at 12 (1988). The mere fact that Section 544(b) gave the Chapter 7 Trustee standing in a representative capacity to assert the Bank's claim for a period of time did not act to destroy the Bank's rights. *When a case is closed in which the trustee did not pursue a fraudulent conveyance cause of action pursuant to Section 544(b)*, such as happened in the Chabots' case, *the right to pursue the state law cause of action reposes once again in whomever is able to assert it.* [*City Nat'l Bank v. Chabot (In re Chabot)*, 100 B.R. 18, 23 (Bankr. C.D. Cal. 1989)]. In other words, *the filing of a bankruptcy petition does not strip a creditor of standing to pursue a fraudulent transfer action if the*

5

> *trustee abandons it, ... .* Rather, the creditor is stayed from prosecuting the claim and unless the trustee opts to intervene or to file his or her own fraudulent transfer action, *the creditor may pursue the cause of action upon closing of the bankruptcy estate* (unless the matter has become moot because the creditor's claim has been discharged).

*In re Milton Lee Vandevort*, 2009 WL 7809927 t *6 (quoting *City Nat'l Bank v. Chabot (In re Chabot)*, 100 B.R. 18, 23 (Bankr. C.D. Cal. 1989)) (original emphasis removed, emphasis added).

Similarly, in *Hatchett v. United States*, 330 F.3d 875, 886 (6th Cir. 2003), the Sixth Circuit held that "[t]hough the trustee has the exclusive right to bring an action for fraudulent conveyance during the pendency of the bankruptcy proceedings, the Bankruptcy Code does not extinguish the right of [a creditor] to bring a state law action for fraudulent conveyance after the debtor receives a discharge in bankruptcy. ... Accordingly, because the bankruptcy proceedings are over, the [creditor] has standing to assert its fraudulent conveyance theory." *Id.* The Fourth Circuit has also explicitly held that until there is an abandonment by the trustee of a fraudulent conveyance claim, an individual creditor has no standing to pursue it. *National American Ins. Co. v. Ruppert Landscaping Co., Inc.*, 187 F.3d 439, 441 (4th Cir. 1999). Conversely, it follows that once the fraudulent conveyance claim is abandoned by the trustee, an individual creditor does have such standing.

This court has previously followed the well-reasoned decisions of the Fourth, Sixth and Ninth Circuits on this issue. *Counsel Financial Services LLC v. Wood*, 2013 WL 6490550, * 3 (N.D. Ala. 2013). This court agrees that, under the circumstances of this case, Aliant could not proceed with its fraudulent transfer claims during the pendency of Robert's bankruptcy petition. However, the filing of Robert's bankruptcy petition did not strip Aliant of its state-created right to avoid transfers, particularly when it filed its claim prior to the bankruptcy filing. The bankruptcy filing merely shifted the right to pursue that claim to the Trustee while the bankruptcy petition was pending.

Therefore, Aliant's fraudulent transfer claims should have been stayed (or dismissed without prejudice) during the pendency of the bankruptcy claim. In light of the fact that the Trustee did not opt to pursue that claim in the bankruptcy proceedings, Aliant "may pursue the cause of action upon closing of the bankruptcy estate." *In re Milton Lee Vandevort*, 2009 WL 7809927 at *6. Therefore, the bankruptcy court erred in entering judgment in favor of Robert and Wanda on Aliant's fraudulent transfer claim.

### B. The Conspiracy Claims

In granting summary judgment on Aliant's conspiracy claim against Wanda, the bankruptcy court held that, "Aliant has not provided sufficient evidence to overcome that provided by Wanda." Wanda presented expert testimony that the divorce settlement between the parties was fair and equitable and that Robert received a reasonably equivalent value in exchange for the assets awarded to Wanda. (AL NB Case No. 12-00054-TOM, Doc. # 66-1 at 5). However, Aliant presented evidence that, in the divorce settlement, Robert had effectively transferred substantially all of his assets to Wanda. Aliant's expert presented testimony that the valuable assets previously held jointly were awarded to Wanda, while the assets left to Robert were virtually worthless. (AL NB Case No. 12-00054-TOM, Doc. # 80-31 at 21).

Therefore, there was competing expert testimony regarding the effect of the property settlement. The competing expert reports put genuine issues of material fact in dispute as to Aliant's conspiracy claim. The bankruptcy court's acceptance of Wanda's expert testimony over Aliant's expert testimony necessarily involved the weighing of evidence. Aliant presented substantial evidence from which a jury could reasonably conclude that, in reaching their agreement regarding the division of assets in their divorce, Robert and Wanda conspired to protect valuable assets from

Aliant's reach by transferring them to Wanda.  Whether Wanda's experts are due to be credited over Aliant's is a matter for the trier of fact to resolve, not for the court to decide on summary judgment. "'Issues of credibility and the weight afforded to certain evidence are determinations appropriately made by a finder of fact and not a court deciding summary judgment.'" *Delaware Valley Floral Group, Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1381 (11th Cir. 2010) (quoting *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234 (11th Cir. 2003)).

In addition to granting Wanda summary judgment on the conspiracy claim, the bankruptcy court's March 21, 2013 Memorandum Opinion and Order also concluded that, because Wanda was entitled to summary judgment and there was no one else for Robert to have conspired with, he, too, was entitled to summary judgment on the conspiracy claim.  As discussed above, the bankruptcy court erred in granting summary judgment to Wanda on the conspiracy claim.  Therefore, the court's basis for granting summary judgment to Robert on this claim is unsupported and summary judgment in his favor is due to be reversed, also.

However, in its April 29, 2013 Amended Memorandum Opinion, the bankruptcy court expressed an additional basis for granting summary judgment to Wanda on the conspiracy claim. The court also held that there was "no underlying tort that could support Aliant's conspiracy claim against Wanda" because the fraudulent misrepresentation and suppression claims against her fail.[1] (AL NB Case No. 12-00054-TOM, Doc. # 118 at 9).  This holding, too, was error.

A "'civil conspiracy is a combination of two or more persons to do: (a) something that is unlawful; [or] (b) something that is lawful by unlawful means.'" *DGB, LLC v. Hinds*, 55 So.3d 218,

---

[1] Aliant did not appeal the portion of the orders granting Wanda summary judgment on the fraudulent misrepresentation and suppression claims.

234 (Ala. 2010) (quoting *Purcell Co. v. Spriggs Enters., Inc.*, 431 So.2d 515, 522 (Ala. 1983)). "'A civil conspiracy claim operates to extend, beyond the active wrongdoer, liability in tort to actors who have merely assisted, encouraged, or planned the wrongdoer's acts.'" *DGB, LLC*, 55 So.3d at 234 (quoting 16 Am.Jur.2d Conspiracy § 57 (2009)); *see also Ex parte Reindel*, 963 So.2d 614, 621 n. 11 (Ala. 2007). In *DGB, LLC*, the plaintiff's underlying fraudulent misrepresentation claim had been dismissed against one of the defendants. Nonetheless, the fact that a valid underlying tort was no longer pending against that particular defendant did not preclude the plaintiff's civil conspiracy claim against that defendant "because acts of coconspirators are attributable to each other." *DGB, LLC*, 55 So.3d at 234. Thus, the fact that there were, at that time, no other pending tort claims against Wanda did not dictate entry of summary judgment in her favor on the conspiracy claim against her.

## IV.   Conclusion

For the foregoing reasons, the bankruptcy court's March 21, 2013 Memorandum Opinion and Order and its April 29, 2013 Amended Memorandum Opinion and Order are due to be reversed and remanded to the bankruptcy court for further proceedings consistent with this opinion.

Wanda Leopard's Motion to Strike (Doc. # 7) is also before the court. That Motion seeks to strike Aliant's Reply Brief (Doc. # 6), because, she argues, many of its factual statements are not supported by citations to the record and it raised certain new arguments. The court's analysis set forth above neither relies on any factual assertions from the Reply, nor rests on the arguments made therein for the first time. Therefore, the Motion to Strike (Doc. # 7) is due to be moot.

A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this ___17th___ day of June, 2014.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE